

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD–0795–11

**WILTON LARRON MAHAFFEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS HENDERSON COUNTY

**MEYERS, J.,** filed a concurring opinion.

### CONCURRING OPINION

I agree with the majority that the court of appeals erred in holding that a driver must use a lane-change signal when his lane merges with another lane. There are two ways to deal with the issue in this case. The first way is logistically, which is how the majority analyzes this issue: The lane in which Appellant was driving ended, so he was not making a lane change, but rather merging into the only remaining lane. We could also consider this issue from a legal standpoint. Because the sign said "Lane Ends, Merge

Left" all drivers were being directed by the authority of the sign to enter the left lane. This is equivalent to an officer directing traffic into another lane, which, as we all know, would not require a lane-change signal. The driver in this case did not commit a traffic violation and the officer did not have reasonable suspicion to stop him. With these comments, I join the majority opinion.

Meyers, J.

Filed: April 25, 2012

Publish